United States District Court
Southern District of Texas

**ENTERED**
June 08, 2026
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| Robert Robinson, | § | |
| Nyesha S. Moore, | § | |
| *Plaintiffs,* | § | |
| | § | Civil Action H-26-0919 |
| v. | § | |
| | § | |
| Cadence Bank, | § | |
| *Defendant.* | § | |

### MEMORANDUM AND RECOMMENDATION
### TO DISMISS FOR FAILURE TO PROSECUTE

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 4. The court recommends this case be **DISMISSED with PREJUDICE** for failure to prosecute.

### 1. Background

This case was set for an initial conference to be held on May 14, 2026. ECF No. 3. As shown in the attached Notice Report from the clerk's office, notice of the hearing was mailed to the physical address that each Plaintiff gave when the lawsuit was filed. *See* Court's Exhibit 1. Plaintiffs did not appear at the initial conference. *See* Docket Entry dated 05/14/2026.

The court then set a hearing for the Plaintiffs to appear and show cause why their case should not be dismissed for want of prosecution. ECF No. 5. The order included a warning: "***Failure to appear will result in a recommendation that this case be dismissed with prejudice for failure to prosecute.***" *Id.* (emphasis in original). The order was docketed on the court's CM/ECF system and mailed to the address listed for each Plaintiff. The hearing was held, and the Plaintiffs failed to appear.

### *2. Legal Standard and Analysis*

Federal Rule of Civil Procedure 41(b) permits involuntary dismissal of an action when "the plaintiff fails to prosecute or to comply with these rules or a court order[.]" "It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion." *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) (clarifying that the court's power to dismiss does not extend to failure to comply with a local rule). The court's decision to dismiss under Rule 41(b) may be reviewed only for abuse of discretion. *Id.* at 801.

Rule 41(b) dismissal with prejudice is "a severe sanction" that requires (1) "a clear record of delay or contumacious conduct by the plaintiff[;]" and (2) an express finding that "lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Campbell*, 988 F.3d at 801–02 (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). The Fifth Circuit generally also requires proof of at least one of the following aggravating factors: (1) the delay was caused by the plaintiff and not the plaintiff's attorney; (2) the defendant was prejudiced by the delay; or (3) the delay can be characterized as intentional. *Id.* at 802.

### *3. Analysis*

#### *A. Clear Record of Delay*

Plaintiffs are appearing pro se, so they are responsible for all efforts to prosecute this case. Plaintiffs have failed to appear at two separate court settings. Other than initiating this lawsuit in February 2026, Plaintiffs have done nothing on the case. Plaintiffs have not contacted the court to provide an updated address. The Notice Report shows that the original order setting the initial conference and the show cause order were both sent to the

Plaintiffs' mailing address. *See* Court's Exhibit 1. These facts show a clear record of delay.

### B. Futility of Lesser Sanctions

The court set a show cause hearing and warned Plaintiffs that dismissal would result if they missed the final hearing. There appears to be nothing the court can do to get the Plaintiffs' attention on this case. There are no other steps the court can take that will prompt Plaintiffs to participate. Lesser sanctions would be futile.

### C. Aggravating Factors

Plaintiffs do not have a lawyer, so any delay can be attributed solely to them. The delay in this case can only be characterized as intentional. Plaintiffs have failed to appear for two court-ordered hearings and have made no attempt to communicate with the court or opposing counsel.

### 4. Conclusion

The court recommends that this case be **DISMISSED with PREJUDICE** for failure to prosecute.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on June 8, 2026.

_____

Peter Bray

United States Magistrate Judge

3